

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–25–M–DLC |
| Plaintiff-Appellee, | |
| vs. | ORDER AND OPINION |
| SHALAKO JAMES KATZER, | |
| Defendant-Appellant. | |

Defendant Shalako James Katzer ("Katzer") appeals his sentence and judgment, entered May 23, 2016, by United States Magistrate Judge Jeremiah C. Lynch. As discussed below, the Court will vacate the imposed sentence and remand for resentencing.

## BACKGROUND

On November 25, 2015, Katzer was charged by information with the unlawful taking of a grizzly bear, a threatened species, in violation of 16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1), and 50 C.F.R. § 17.40(b)(1 )(i)(A). (Doc. 1.) The factual basis underlying this information stems from a camping trip gone awry in an area near Troy, Montana.

On May 22, 2015, Katzer was camping with his family in the Yaak Falls Campground. While preparing dinner, a motorist drove by the family's campsite and warned that a grizzly bear had entered the campground. Shortly thereafter, a three year old male grizzly appeared roughly 30 yards from Katzer's campsite. Katzer's brother, Cody Katzer, retrieved his .44 Ruger rifle and fired one shot into a tree near the grizzly in attempt to scare it away. The bear did not respond and the brothers began yelling at it. Cody then fired a second shot and the bear took off running downhill towards a nearby river. The brothers pursued the bear and watched as it stopped at the river, turned, and began running back in the general direction of the campsite. After the bear crossed a nearby highway, the brothers stood on the road near the campsite entrance and continued to watch the bear. After Cody fired a third shot, this time from his 9mm handgun, the bear turned back towards them and again began walking in the direction of the campground. At this point Katzer, who was also armed, claims he raised and shot his .45 Kimber handgun in front of the bear. The bear disappeared into the woods and was not seen by the brothers again.

Shortly thereafter, on May 24, 2015, a grizzly bear carcass was discovered in the campground. Two days later, Cody contacted investigators after being notified that they had found the carcass. Cody explained to the investigators that

he and Katzer were in the campground at the time of the shooting and agreed to be interviewed. An agent, presumably with United States Fish and Wildlife Service, interviewed both Katzer and his brother at Cody's house. Both surrendered their weapons for ballistics testing and were interviewed a second time at the campground on June 1, 2015. A firearm examination would later confirm that a bullet taken from the grizzly carcass had been fired from Katzer's handgun.

After being charged with one count of the unlawful taking of a threatened species, Katzer retained counsel and initially entered a plea of not guilty on December 15, 2015. However, after entering into a plea agreement with the United States, Katzer elected to forgo trial and plead guilty. Per the plea agreement, Katzer agreed to plead guilty to the information in exchange for a recommendation from the United States that he be sentenced to one year of probation on the condition that he timely pay restitution in the amount of $10,000. Katzer also agreed to a pay a special assessment of $10.

At the change of plea hearing, United States Magistrate Judge Jeremiah C. Lynch, who would also be the sentencing judge, discussed the plea agreement with Katzer. Judge Lynch noted the sentencing recommendation of the United States, but clarified that he was not bound to this recommendation and could sentence Katzer to the maximum penalties allowed under the law, which was six months in

3

prison. Katzer indicated that he understood and Judge Lynch eventually accepted Katzer's guilty plea. Judge Lynch then ordered United States Probation to prepare a presentence investigation report and notified Katzer that following the preparation of this report, he would be sentenced. On May 23, 2017, Katzer was sentenced to six months in prison and ordered to pay $5,000 in restitution, plus a $10 special assessment. Katzer now appeals this sentence.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 58(g)(2)(A) provides that a party "may appeal an order of a magistrate judge to a district judge . . . if a district judge's order could similarly be appealed." This Court has jurisdiction over Katzer's appeal under 18 U.S.C. §§ 3231 and 3402.

## DISCUSSION

Katzer raises four issues on appeal: (1) the United States breached the plea agreement by failing to verbally recommend a one year probationary sentence during the sentencing hearing; (2) the magistrate judge erred by imposing Katzer's sentence without adequately conducting an individualized assessment of his culpability; (3) the magistrate judge erred by relying on out-of-record and undisclosed statistical information; and (4) the sentence imposed is substantively unreasonable. Because the Court finds that the first issue raised by Katzer

4

requires that his sentence be vacated and remanded for resentencing, the remaining three issues will not be addressed.

### A. Failure to Recommend Probation at Sentencing

As mentioned, Katzer entered into a plea agreement with the United States where he agreed to plead guilty in exchange for a recommendation of a one year probationary sentence. However, at the sentencing, the United States never expressly made the recommendation. Instead, at the beginning of the sentencing, Katzer's attorney asked the magistrate judge to not "go beyond what's stated in the plea agreement, Your Honor, which is $10,000 of restitution and one year of unsupervised probation." (Doc. 21 at 4.) Later, Katzer's attorney again requested that the magistrate judge "stick to the plea agreement and go no further with $10,000 of restitution and one year of unsupervised probation." (*Id.* at 5.) After Katzer had made his allocution, the Assistant United States Attorney stated:

> Your Honor, the United States doesn't disagree with anything offered by defense counsel nor the defendant. It's clear that he intends to pay his debt to this country, and we agree with that, and we defer to your discretion on whatever that final amount would be. I offer that there was a plea agreement reached in this case in the amount of $10,000. However, we have great faith in the Court's discretion here. Thank you.

(*Id.* at 6.) These words of the Assistant United States Attorney cannot fairly be read as a recommendation consistent with the plea agreement. No mention is

made of the recommended sentence of one year probation.

Katzer contends that the failure of the United States to strictly abide by the plea agreement and expressly make a recommendation of probation is plain error. The United States counters and argues that there was no error because: (1) the magistrate judge was aware of the terms of the plea agreement; (2) the recommendation was discussed during the change of plea hearing; (3) the defense referenced the plea agreement during the sentencing, including the recommendation of one year probation; and (4) the Assistant United States Attorney stated at the sentencing that he did not disagree with anything "offered by" the defense. Because it is clear that the magistrate judge was aware of the recommendation for probation, the United States argues, there was no error. The Court disagrees.

The question of whether the United States violated the terms of a plea agreement is reviewed de novo. *United States v. Fisch*, 863 F.2d 690 (9th Cir. 1988). Importantly, "[w]hen the government agrees to make a certain recommendation to the sentencing court, it is bound by the agreement to make that particular recommendation." *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999) (citing *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994)). In *United States v. Myers*, the Court of Appeals for the Ninth Circuit clarified that

6

"[t]he government must be held to the literal terms of the agreement. 32 F.3d at 413 (remanding for resentencing because the United States did not strictly comply with the plea agreement and make a recommendation for a low guideline sentence at sentencing) (quotation marks omitted). The government argues that Judge Lynch was aware of the recommendation contained in the plea agreement, a fact which is uncontroverted. However, it is not enough that the sentencing court was aware of the recommendation. *See Myers*, 32 F.3d at 413. Instead, due to the contractual nature of a plea agreement, the United States is required to "fulfill its part of the contract" and actually make the bargained for recommendation at sentencing. *Id.* Failure to do so results in a breach of the plea agreement and requires resentencing. *Id.* This reflects the right of public "to know the concessions that the government is making in its plea agreements." *Id.*; *see also Jones v. United States*, 423 F.2d 252, 255 (9th Cir.) ("Airing plea agreements in open court enhances public confidence in the administration of justice."). Unless specified in the plea agreement, the government need not make the recommendation enthusiastically, but again, when the government agrees to make a certain recommendation to the sentencing court, it is bound to make the specific recommendation. *Johnson*, 187 F.3d at 1135. Here, no recommendation was made by the government, not even a half-hearted one.

7

Because the United States did not expressly make a recommendation for a probationary sentence, as agreed to, it clearly breached the plea agreement and committed plain error. *United States v. Whitney*, 673 F.3d 965, 972 (9th Cir. 2012) (citation omitted). To succeed on plain error review after showing that the government breached the plea agreement, a defendant "must additionally show that the government's conduct affected both his substantial rights and the integrity, fairness or public reputation of the judicial proceedings." *Id.* To find that Katzer's "substantial rights were affected, there must be a reasonable probability that the error affected the outcome of the sentencing." *Id.* (citation and internal quotation marks omitted). As stated by the Court of Appeals for the Ninth Circuit, "[t]his court has previously recognized the importance of the government's sentencing recommendation as a bargained-for benefit to the defendant, and held that the persuasive force behind a sentencing recommendation is enhanced when it is urged by the government in addition to the defense." *Id.* at 973; *see also United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir.2001) ("[W]hen the sentencing court hears that both sides believe a certain sentence is appropriate and reasonable in the circumstances, this is more persuasive than only the defendant arguing for that sentence.").

Here, though it is difficult to speak for another jurist, the undersigned can

clearly state that a joint recommendation at sentencing carries much more weight than a recommendation offered only by the defendant. A joint recommendation, as opposed to one solely made by a defendant in pursuit of his own interests, is more persuasive to the undersigned because it reflects that the government, an entity charged with protecting the public and promoting society's interests, finds that the recommended sentence meets these interests. The Court relies on the government, as well as the defendant, for this perspective in order to craft a sentence that is no greater than necessary. Without this input at Katzer's sentencing, the Court cannot say for certain that the government's error had no affect on the outcome of the sentencing. Consequently, Katzer must be resentenced. Further, due to the case law of this circuit, another judge must be assigned to conduct the resentencing. *Johnson*, 187 F.3d at 1135–1136 (when the government breaches a plea agreement by failing to abide by its express terms, the reviewing court is required to remand to a different judge for resentencing); *see also Whitney*, 673 F.3d at 976 (same). In doing so, the undersigned intends no criticism of United States Magistrate Judge Lynch, and none should be inferred.

Accordingly, IT IS ORDERED that Katzer's sentence and judgment, imposed on May 23, 2016, is VACATED and REMANDED for resentencing.

IT IS FURTHER ORDERED that the undersigned will resentence

Defendant Katzer August 18, 2017, at 10:30 a.m., at the Russell Smith Courthouse in Missoula, Montana.

IT IS FURTHER ORDERED that the United States Probation Office is directed to prepare an updated Presentence Investigation Report by July 18, 2017.

Dated this 2nd day of June, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court